IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| COMMON CAUSE, et al., | ) |
| | ) |
| | ) Civil Action No. 5:18-CV-00589 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| REPRESENTATIVE DAVID LEWIS, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO LEGISLATIVE DEFENDANTS'
MOTION FOR ORDER CONFIRMING APPLICABILITY
OF STAY OF JUDGMENT UNDER RULE 62(a)**

# INTRODUCTION

Undeterred by this Court's rejection of their baseless removal, Legislative Defendants have now filed an equally baseless motion seeking to bar the clerk of this Court from mailing a certified copy of the Court's remand order to the state court for 30 days. But, as Legislative Defendants would have learned had they called to ask, the clerk's office already mailed the certified remand order *before* Legislative Defendants filed the instant motion. As Legislative Defendants themselves acknowledge, this means the state court has already regained jurisdiction over this case and can proceed immediately, and Legislative Defendants' motion is thus moot. Beyond that, the 30-day automatic stay under Rule 62(a) does not apply here for multiple other reasons, including that this case is exempt from Rule 62(a)'s automatic stay because Plaintiffs seek injunctive relief, and Rule 62(a) does not apply to remand orders in any event.

Legislative Defendants' motion is nothing more than a transparent effort to pile delay on delay. Plaintiffs respectfully request that the Court deny the motion immediately and award such further relief as the Court deems necessary to deter any further gamesmanship by Legislative Defendants to stall state-court proceedings in this case.

# ARGUMENT

**I. Legislative Defendants' Motion Is Moot Because the Clerk Already Mailed a Certified Copy of this Court's Remand Order to the State Court**

As Legislative Defendants acknowledge, under 28 U.S.C. § 1447(c), "jurisdiction over the case is transmitted when" the clerk of this Court mails a certified copy of the Court's remand order to the state-court clerk. Mem. Supp. Mot. for Stay ("Mem"), Dkt. 46, at 2. Seeking to avoid such a transfer of jurisdiction, Legislative Defendants' motion requests "an order … ensuring that the Clerk of Court does not mail the remand order to the clerk of the [state court]" for 30 days under Rule 62(a). *Id.* at 1. But the clerk's office has informed Plaintiffs' counsel

that, before Legislative Defendants filed the instant motion, the clerk had already sent a certified copy of this Court's remand order to the state court. The state court therefore already regained jurisdiction over this action, and Legislative Defendants' motion is moot.

The plain text of 28 U.S.C. § 1447(c) is clear that a state court regains jurisdiction over a removed action, and may recommence proceedings there, as soon as the clerk of the federal court mails a certified copy of the remand order to the state court. Section 1447(c) provides: "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. *The State court may thereupon proceed with such case*." 28 U.S.C. § 1447(c) (emphasis added). Federal courts have confirmed that this plain text means what it says—"it is well-established" that jurisdiction transfers "once the clerk mails a certified copy of a remand order to the state court." *Wyatt v. Walt Disney World*, Co., 1999 WL 33117255, at *5-6 (W.D.N.C. July 26, 1999); *see also Bryan v. BellSouth Commc'ns, Inc.*, 492 F.3d 231, 235 n.1 (4th Cir. 2007) ("A remand is effective when the district court mails a certified copy of the remand order to the state court, *see* 28 U.S.C.A. § 1447(c) . . . .").

It is likewise settled that, even if the clerk's transmission of the certified remand order was "premature" or "improper" (which it was not here), jurisdiction nonetheless transfers. *Wyatt*, 1999 WL 33117255, at *6. Once the clerk sends the certified remand order to the state court, "[t]his Court has no power to retrieve it." *Id.* (quoting *City of Jackson, Miss. v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 125 (S.D. Miss. 1993)). The "ministerial act of mailing the order to the Superior Court" is conclusive, as it "establish[es] a determinable jurisdictional event after which the state court can resume sole control over a case." *Campbell v. Int'l Bus. Machs.*, 912 F. Supp. 116, 120 (D.N.J. 1996); *see City of Jackson*, 147 F.R.D. at 125.

2

Legislative Defendants do not dispute these legal principles, and they recognize that their motion becomes moot upon the transmission of the remand order to the state court. They concede that "jurisdiction over the case is transmitted when '[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court,'" and that, at that point, the "State court [may] proceed with the case." Mem. 2 (quoting 28 U.S.C. § 1447(c)). Thus, while Legislative Defendants emphasize that remand orders in cases removed under § 1443(2) are appealable, they do not contend that such remand orders are exempt from the rule that the state court regains jurisdiction once the certified remand order is sent.[1] Nor could such an argument withstand scrutiny: it is well-settled that "notwithstanding the pendency of [an] appeal to the Court of Appeals from the District Court's order of remand" in a case removed under § 1443(2), "state proceedings should be permitted to go forward in [the] normal course." *Hutchinson v. New York*, 86 S. Ct. 5, 6 (1965) (Harlan, J., in chambers); *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 1000 (9th Cir. 2006); *Fosdick v. Dunwoody*, 420 F.2d 1140, 1141 n.1 (1st Cir. 1970).

It is precisely because Legislative Defendants recognize the jurisdictional significance of the transmission of the certified remand order that they now seek an order "instruct[ing] the Clerk of Court not to transit the remand order to the North Carolina state court." Mem. 5. But such relief can no longer be granted. Legislative Defendants could have requested this relief in their initial briefing on the remand motion or as soon as this Court entered its remand order, but Legislative Defendants did not do so, and it is now too late.

## II. Federal Rule of Civil Procedure 62(a) Does Not Apply Here In Any Event

Even if the state court had not already regained jurisdiction by virtue of the clerk of this Court transmitting the certified remand order, the 30-day automatic stay under Federal Rule of Civil Procedure 62(a) still would not apply for two separate reasons.

---

[1] Legislative Defendants have waived any such argument by not including it in their opening brief.

### A. Rule 62(a) Does Not Apply Because This Is an Action for an Injunction

By its terms, Rule 62(a)'s 30-day automatic stay does not apply to "an interlocutory or final judgment *in an action for an injunction*." Fed. R. Civ. P. 62(c)(1) (emphasis added); *see* Fed. R. Civ. P. 62(a) (automatic stay applies "[e]xcept as provided in Rule 62(c) and (d)"). This exception applies broadly to cases seeking "all 'injunctive type remedies.'" *Solis v. Malkani*, 2010 WL 311858, at *2 (D. Md. Jan. 20, 2010), *aff'd* 638 F.3d 269 (4th Cir. 2011). This lawsuit challenging North Carolina's 2017 state legislative districting plans is "an action for an injunction" under Rule 62(c)(1). Plaintiffs seek to enjoin use of the current plans in the 2020 elections. *See* Am. Compl., Dkt. 1-1, Prayer for Relief. Plaintiffs seek no money damages or other monetary relief of any kind. *See id.* And nothing in the injunctive or declaratory relief that Plaintiffs request would remotely have the "practical effect" or requiring the "payment of money" from one party to another. *Peacock v. Merrill*, 2010 WL 2231896, at *1 (S.D. Ala. June 2, 2010); *see also Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001). Rule 62(c)(1) thus excepts this case from Rule 62(a)'s 30-day automatic stay.

The absence of *any* request for monetary relief here distinguishes this case from the two primary cases on which Legislative Defendants rely, *Northrop Grumman Technical Services, Inc. v. DynCorp Intentional LLC*, 2016 WL 3180775 (E.D. Va. June 7, 2016), and *Tennessee ex rel. Slatery v. Tennessee Valley Authority*, 2018 WL 3092942 (M.D. Tenn. June 22, 2018). In each of those cases, the plaintiffs sought money damages or monetary penalties. Compl., *Northrop*, No. 1:16-cv-00534-JCC-IDD, ECF No. 1-2, at ¶¶ 70-80 (E.D. Va.); Compl., *Tennessee ex rel. Slatery*, No. 3:17-CV-01139, ECF No. 1-1, Prayer for Relief § B. By contrast, Plaintiff seek no monetary relief of any kind here. Accordingly, under Rule 62(c)(1), the 30-day automatic stay under Rule 62(a) does not apply.

### B. Remanding a Case to State Court Does Not Constitute "Execution" or "Enforcement" of a Judgment Under Rule 62(a)

Rule 62(a) independently does not apply because carrying out a remand order does not constitute "execution" or "enforcement" of a judgment within the meaning of the Rule.

As the Fifth Circuit held in *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436-37 (5th Cir. 2001), the temporary automatic stay under Rule 62(a) does not apply to remand orders. "The stay provisions of Rule 62"—including Rule 62(a)'s temporary automatic stay and the related supersedeas stay pending appeal under then-Rule 62(d), now 62(b)—"pertain to judgments *for money*." *Id.* at 437 (emphasis added). That is because the purpose of the temporary automatic stay under Rule 62(a) is "to give one against whom a money judgment is entered time to post a supersedeas bond to stay enforcement of that judgment pending appeal." *Fish Market Nominee Corp. v. Pelofsky*, 72 F.3d 4 (1st Cir. 1995). While Rule 62(a) may broadly cover any "judgment pertaining to monetary responsibility," *Arnold*, 278 F.3d at 437, it does not apply to a remand order, which involves no money at all. The Fifth Circuit thus held that "there is no basis in Rule 62 for such a [temporary] stay" because "[e]ven if the subject matter of the underlying litigation is solely money damages, there is no 'money judgment' inherent in its remand." *Id.*

Numerous other courts have recognized that Rule 62(a) does not stay a district court's remand order. *See Barnhill v. Pregent*, 2010 WL 1791170, at *2 (M.D. Pa. May 3, 2010) ("Rule 62 does not allow a federal district court to stay a case pending the appeal of a remand order."); *Schexnayder v. Entergy LA Inc.*, 2003 WL 25735531, at *1 (E.D. La. Dec. 19, 2003) ("A district court … has no authority to stay a remand order under Rule 62."); *Lightbourn Equip. Co. v. Perkins Engines, Inc.*, 39 F. Supp. 2d 785, 785-86 (N.D. Tex. 1999) ("Contrary to Defendants' assertion, while Rule 62 does allow a court to stay an action pending appeal, it is inapplicable in the instant case where the issue before the Court was that of proper removal."); *see also* Steven

5

S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 62 (2018) ("Most of the provisions concern mechanisms for staying the enforcement of money judgments, including the automatic [then] 14-day stay under Rule 62(a) and the ability to obtain an automatic stay pending appeal by posting a supersedeas bond under [then] Rule 62(d).").

Federal Rule of Civil Procedure 69 confirms this limitation on Rule 62's stay provisions. As this Court has explained, "Federal Rules of Civil Procedure 62 and 69 govern the execution of a judgment." *Oxendine-Bey v. Harihan*, 2015 WL 5330571 (E.D.N.C. Sept. 14, 2015) (Flanagan, J.). "While Rule 62 governs the *timing* or 'when' of execution and enforcement, [Rule] 69 governs the *method* or 'how' of execution and enforcement." *Leuzinger v. Cty. of Lake*, 254 F.R.D. 469, 473 (N.D. Cal. 2008). And Rule 69, titled "Execution," makes clear that this means executing or enforcing a money judgment. Rule 69(a)(1), titled "*Money Judgment*; Applicable Procedures," provides that "[a] *money judgment* is enforced by writ of execution, unless the court directs otherwise" (emphases added). The drafters of the rule "followed [a prior statute] in adopting state practice for execution of a *money judgment*." *Leuzinger*, 254 F.R.D. at 473 (quoting *Duchek v. Jacobi*, 646 F.2d 415, 417 (9th Cir. 1981)) (emphasis added).

In addition to being distinguishable because the plaintiffs sought money damages, *supra*, *Northrup Grumman Technical Services* was wrongly decided. The district court there erroneously suggested that the Fifth Circuit's holding in *Arnold*—that Rule 62(a)'s temporary automatic stay does not apply to remand orders—was somehow abrogated by "intervening amendments to § 1447(d)" creating a "right to appeal" certain remand orders. 2016 WL 3180775, at *2. But, while *Arnold* noted that the remand order there could not "be appealed," 278 F.3d at 437, that was not the basis for its holding. The Fifth Circuit, rather, held squarely that Rule 62(a)'s temporary automatic stay "pertains to judgments for money," and a remand

6

order is not a "money judgment." *Id.* Regardless, the district court in *Northrup Grumman* also recognized that § 1447(c) "creates legal significance in the mailing of the remand order in terms of determining the time at which the district court is divested of jurisdiction." *Id.* at *1. As discussed above, that has already happened here.

Because remanding a case to state court does not implicate any money changing hands, it does not constitute "execution" or "enforcement" of a judgment under Rule 62(a). Moreover, applying Rule 62(a) to a remand order like the one here would have deeply troubling consequences. It would allow any defendant in a state-court action to unilaterally derail the state-court proceedings by (a) removing to federal court under § 1443(2) and then (b) obtaining a further, automatic 30-day delay no matter how promptly the case is remanded back to state court. That cannot be the law.

## III.   ALTERNATIVELY, THIS COURT SHOULD LIFT ANY TEMPORARY STAY

For the reasons described above, Legislative Defendants' arguments for a 30-day automatic stay of remand under Rule 62(a) are moot and in any event incorrect. But even if Rule 62(a) did impose an automatic stay here, this Court should lift the stay immediately, as Rule 62(a) expressly authorizes.

Any temporary stay here could serve only to allow Legislative Defendants to seek a further stay pending appeal, and they have zero chance of obtaining such a further stay. Legislative Defendants cannot obtain any stay pending appeal because the remand order has already taken effect. *See Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 154 n.6 (3d Cir. 1998); *SFA Grp., LLC v. Certain Underwriters at Lloyd's, London*, 2017 WL 7661481, at *2 (C.D. Cal. Jan. 6, 2017).

Beyond that, Legislative Defendants cannot meet any of the factors for a stay pending appeal. For one, they cannot make any showing, much less a "strong showing," that they are

"likely to succeed on the merits" in an appeal from this Court's remand order. *Nken v. Holder*, 556 U.S. 418, 434 (2009). As detailed in Plaintiffs' motion to remand and reply in support, the removal of this case was baseless for a multitude of reasons.

Nor will Legislative Defendants be "irreparably injured" absent a stay. *Id.* State officials suffer no harm from litigating exclusively state-law claims in the state's own courts. That is particularly true here, as Legislative Defendants explicitly demanded a state-court forum earlier this year and successfully opposed any federal adjudication of state-law challenges to the 2017 Plans during the *Covington* remedial phase. Legislative Defendants' assertion (at 4) that they need more time "to evaluate possible post-judgment-motion or appeal options" is makeweight. Any such motion or appeal obviously would lack merit, and regardless proceeding in state court does not preclude Legislative Defendants from evaluating their "options" and pursuing an appeal if they so choose.

By contrast, a further delay of state-court proceedings in this case would "substantially injure" Plaintiffs and millions of North Carolina voters. *Id.* Plaintiffs moved to expedite this case to ensure that, if the 2017 Plans are found unconstitutional, there will be sufficient time to establish new, lawful districts for the 2020 primary and general elections. Delaying remand would threaten the state courts' ability to resolve this case in time to afford effective relief, potentially forcing North Carolinians once again to cast their ballots in unconstitutional districts. Legislative Defendants well know this, and it is precisely why they are so vigorously pursuing delay of any length, for any reason.

For the same reason, the "public interest" is best served by remanding this case immediately. *Id.* Doing so will allow the state courts, which have primary authority over

redistricting matters, to promptly decide whether the 2017 Plans violate the North Carolina Constitution—and if so, to establish lawful remedial maps for the 2020 elections.[2]

**CONCLUSION**

This Court should deny Legislative Defendants' motion. The Court also should award any further relief it deems necessary to deter further baseless efforts by Legislative Defendants to delay expeditious resolution of this case in state court. Legislative Defendants could have called the clerk's office to inquire whether the remand order had been transmitted to the state court, but instead they filed this motion without doing so, requiring Plaintiffs to file this response.

---

[2] Legislative Defendants suggest that Rule 62(a) authorizes district courts to lift the 30-day automatic stay only where there "may be a risk that the judgment debtor's assets will be dissipated." Mem. 4 (quoting Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment). Thus, according to Legislative Defendants, Rule 62(a)'s 30-day automatic stay *applies* to judgments beyond money judgments— including remand orders—but district courts can only *lift* the automatic stay in the context of money judgments. That makes no sense. If anything, the language they quote just reinforces that Rule 62(a)'s 30-day automatic stay applies only to the execution and enforcement of money judgments.

DATED: January 4, 2019							Respectfully submitted,

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.
N.C. State Bar No. 4112
Caroline P. Mackie
N.C. State Bar No. 41512
POYNER SPRUILL LLP
P.O. Box 1801
Raleigh, NC  27602-1801
(919) 783-6400
espeas@poynerspruill.com

*Counsel for Common Cause, the North Carolina Democratic Party, and the Individual Plaintiffs*

/s/ R. Stanton Jones
R. Stanton Jones*
David P. Gersch*
Elisabeth S. Theodore**
Daniel F. Jacobson*
ARNOLD & PORTER
   KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
(202) 954-5000
stanton.jones@arnoldporter.com


/s/ Marc E. Elias
Marc E. Elias**
Aria C. Branch*
PERKINS COIE LLP
700 13th Street NW
Washington, DC 20005-3960
(202) 654-6200
melias@perkinscoie.com

Abha Khanna*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
(206) 359-8000
akhanna@perkinscoie.com

*Counsel for Common Cause and the Individual Plaintiffs*

*\* Admitted Pro Hac Vice*
*\*\* Pro Hac Vice motions forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, January 4, 2019, I caused the foregoing document to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Court for the Eastern District of North Carolina.

DATED: January 4, 2019         /s/ R. Stanton Jones
                               R. Stanton Jones

11
Case 5:18-cv-00589-FL   Document 47   Filed 01/04/19   Page 12 of 12