IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-589-FL

| | |
|---|---|
| COMMON CAUSE; NORTH CAROLINA DEMOCRATIC; PAULA ANN CHAPMAN; HOWARD DUBOSE; GEORGE DAVID GAUCK; JAMES MACKIN NESBIT; DWIGHT JORDAN; JOSEPH THOMAS GATES; MARK S. PETERS; PAMELA MORTON; VIRGINIA WALTERS BRIEN; JOHN MARK TURNER; LEON CHARLES SCHALLER; EDWIN M. SPEAS, JR.; REBECCA HARPER; LESLEY BROOK WISCHMANN; DAVID DWIGHT BROWN; AMY CLARE OSEROFF; KRISTIN PARKER JACKSON; JOHN BALLA; REBECCA JOHNSON; AARON WOLFF; MARY ANN PEDEN-COVIELLO; KAREN SUE HOLBROOK; KATHLEEN BARNES; ANN MCCRACKEN; JACKSON THOMAS DUNN, JR.; ALYCE MACHAK; WILLIAM SERVICE; DONALD RUMPH; STEPHEN DOUGLAS MCGRIGOR; NANCY BRADLEY; VINOD THOMAS; DERRICK MILLER; ELECTA E. PERSON; DEBORAH ANDERSON SMITH; ROSALYN SLOAN; JULIE ANN FREY; LILY NICOLE QUICK; JOSHUA BROWN; and CARLTON E. CAMPBELL, SR., | ORDER |
| Plaintiffs, | |
| v. | |
| REPRESENTATIVE DAVID R. LEWIS In his official capacity as Senior Chairman of the House Select Committee on | |

| | |
|---|---|
| Redistricting; SENATOR RALPH E. HISE, JR. In his official capacity as Chairman of the Senate Committee on Redistricting; SPEAKER OF THE HOUSE TIMOTHY K. MOORE; ANDY PENRY Chairman of the North Carolina State Board of Elections and Ethics Enforcement; JOSHUA MALCOLM Vice-Chair of the North Carolina State Board of Elections & Ethics Enforcement; KEN RAYMOND Secretary of the North Carolina State Board of Elections & Ethics Enforcement; STELLA ANDERSON Member of the North Carolina State Board of Elections & Ethics Enforcement; PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE PHILIP E. BERGER; THE STATE OF NORTH CAROLINA; THE NORTH CAROLINA STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT; DAMON CIRCOSTA Member of the North Carolina State Board of Elections & Ethics Enforcement; STACY "FOUR" EGGERS, IV Member of the North Carolina State Board of Elections & Ethics Enforcement; JAY HEMPHILL Member of the North Carolina State Board of Elections & Ethics Enforcement; VALERIE JOHNSON Member of the North Carolina State Board of Elections & Ethics Enforcement; JOHN LEWIS Member of the North Carolina State Board of Elections & Ethics Enforcement; THE NORTH CAROLINA STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT; ROBERT CORDLE Member of the North Carolina State Board of Elections & Ethics Enforcement, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

2

This matter is before the court on motion (DE 45) by the Legislative Defendants[1] for an order confirming applicability of stay of judgment under Rule 62(a). Plaintiffs responded in opposition, and the Legislative Defendants replied. In this posture, the issues raised are ripe for ruling. For the following reasons, the motion is denied in part and dismissed in part for lack of jurisdiction.

**BACKGROUND**

Plaintiffs commenced this action in Superior Court of Wake County on November 13, 2018. The Legislative Defendants filed a notice of removal in this court, on December 14, 2018, on the basis of 28 U.S.C. §§ 1441(a) and 1443(2). Plaintiffs filed an emergency motion to remand on December 17, 2018; the Legislative Defendants responded in opposition on December 28, 2018; and plaintiffs replied in support of remand on December 30, 2018. On January 2, 2019, the court granted plaintiffs' motion to remand, stating:

> This matter is before the court on plaintiffs' emergency motion to remand (DE 5). The court having fully considered the matter and the briefing by the parties, it is hereby ORDERED that plaintiffs' motion is GRANTED. This case is REMANDED to the General Court of Justice, Superior Court Division, Wake County, North Carolina, for further proceedings. The court DENIES plaintiffs' request for costs and expenses under 28 U.S.C. § 1447(c). A memorandum opinion memorializing the court's reasoning for this decision will follow. In light of remand, the clerk is DIRECTED to terminate as moot the pending motion for extension of time to file answer (DE 34).

(Order (DE 44) at 3). The court entered a memorandum opinion memorializing the court's reasoning for its decision on January 7, 2019.

In the meantime, on January 3, 2019, the Legislative Defendants filed the instant motion, in which they seek "an order affirming that the 30-day post-judgment stay period of Rule 62(a) applies

---

[1] The court adopts and incorporates herein by reference the definition of the term "Legislative Defendants" as explained at page four of the court's January 7, 2019, Memorandum Opinion, and the court maintains the caption also as explained at footnote three therein.

to the Court's remand order and ensuring that the Clerk of Court does not mail the remand order pursuant to 28 U.S.C. § 1447(d) to the clerk of the North Carolina Superior Court during that 30-day window, i.e., at the earliest, February 4, 2019." (Mot. (DE 45) at 1). The Legislative Defendants filed a proposed order and a memorandum in support thereof.

The court ordered response to the instant motion on or before January 10, 2019. Plaintiffs responded in opposition on January 4, 2019. The Legislative Defendants replied on January 14, 2019. Plaintiffs filed a notice regarding status of state court proceedings on January 15, 2019, including a copy of the court's certified copy of remand order transmitted to the state court.

**COURT'S DISCUSSION**

The Legislative Defendants seek two forms of relief in their motion, which the court addresses in turn below.

A.     Mailing of Remand Order

One form of relief sought in the motion is an order "ensuring that the Clerk of Court does not mail the remand order pursuant to 28 U.S.C. § 1447(d) to the clerk of the North Carolina Superior Court" until February 4, 2019, at the latest. (Id.). In their memorandum in support of the motion, defendants similarly seek to have the court "instruct the Clerk of Court not to transmit the remand order to the North Carolina state court under 28 U.S.C. § 1447(d) until, at earliest, February 4, 2019." (Mem. (DE 46) at 5) (emphasis added).

This part of the instant motion is denied as moot, because the clerk of court has informed the undersigned that it mailed a certified copy of the court's January 2, 2019, remand order to the Wake County Superior Court on January 2, 2019. (See also Notice, Exhibit (DE 52-1) at 3). In any event, the court denies the Legislative Defendants' request to "ensure" or "instruct" that the court's January

4

2, 2019, remand order not be mailed before February 4, 2019. (Mot. (DE 45) at 1; Mem. (DE 46) at 5). The controlling statute, 28 U.S.C. § 1447(c) provides, in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . <u>A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court</u>. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c) (emphasis added). The remand in this instance proceeded in accordance with the plain language of the statute, and there is no basis in the statute for ensuring or instructing the clerk to delay mailing of the remand order.

The Legislative Defendants suggest that the court has the authority and the obligation to ensure that the remand order is not mailed until the 30-day "Automatic Stay" period set forth in Federal Rule of Civil Procedure 62(a) has expired. The Legislative Defendants' interpretation of Rule 62(a) in these circumstances, however, is at odds with the plain language of § 1447(c), which requires the court to remand the case as soon as it appears the court lacks subject matter jurisdiction and requires the clerk to mail the remand order, without qualification.

The Legislative Defendants' interpretation of Rule 62(a) also is in conflict with Fourth Circuit case law, in which the Fourth Circuit has stated: "A remand is effective when the district court mails a certified copy of the remand order to the state court, <u>see</u> 28 U.S.C. § 1447(c), or, if the remand is based on the lack of subject-matter jurisdiction or a defect in the removal process, when the remand order is entered." <u>Bryan v. BellSouth Commc'ns, Inc.</u>, 492 F.3d 231, 235 n. 1 (4th Cir. 2007) (citing <u>In re Lowe</u>, 102 F.3d 731, 734-36 (4th Cir.1996)) (emphasis added).

Legislative Defendants suggest nonetheless that the court's remand order was not an "effective remand order" because it was automatically stayed under Rule 62(a), citing the case <u>Eisenman v. Cont'l Airlines, Inc.</u>, 974 F. Supp. 425, 429 (D.N.J. 1997). <u>Eisenman</u>, however, is

5

inapposite in addition to lacking any precedential value in this circuit. As an initial matter, Eisenman did not apply Rule 62(a). There, a magistrate judge entered a remand order that itself expressly stayed the order until disposition of an appeal thereof in the district court, further extending and reconfirming the stay in subsequent orders spanning a five month period of time. See id. The instant case involves neither a magistrate judge remand order nor any order expressly staying the remand pending appeal. Moreover, the court's reasoning in Eisenman conflicts with the Fourth Circuit rule that a remand order is effective upon entry when based upon a lack of subject matter jurisdiction. See Bryan, 492 F.3d at 235 n. 1; In re Lowe, 102 F.3d at 734-36.

In sum, that part of the instant motion seeking an order "ensuring that the Clerk of Court does not mail the remand order" until February 4, 2019, is denied as moot and for lack of merit.

B.     Confirming 30-Day Stay

The Legislative Defendants also seek in the instant motion an order "confirming" or "affirming that the 30-day post-judgment stay period of Rule 62(a) applies to the Court's remand order." (Mot. (DE 45) at 1). The court does not have jurisdiction to grant the relief sought by defendants in this part of the motion, as presented here, because doing so would amount to an advisory opinion. See Ostergren v. Cuccinelli, 615 F.3d 263, 287 (4th Cir. 2010). Where the Legislative Defendants assert that an "Automatic Stay" applies to this court's remand order under Rule 62(a), an order by this court "confirming" or "affirming" that legal interpretation of Rule 62(a) does not alter whether such automatic stay applies or does not apply in this instance, nor would it accomplish any result in the instant matter.

Apparently in the alternative, the Legislative Defendants suggest in their proposed order that they have moved "for a stay of judgment under Rule 62(a)." (Proposed Order (DE 45-1) at 1). In

this respect the instant motion may be construed, in part, as a motion under Rule 62(a) for the court to enter an order staying its January 2, 2019, remand order, or to modify the January 2, 2019, remand order so that it expressly includes a stay of its effect until February 4, 2019, at the earliest. For the reasons stated in section A., above, the court denies this apparent alternative request for stay of the court's January 2, 2019, remand order. In so holding, the court expresses no opinion whether, under Rule 62(a) or otherwise, the court in its January 2, 2019, order could have imposed at that time a stay of the effect and transmittal of the remand order, because that issue is not presently before the court.

In sum, that part of the instant motion seeking an order "confirming" or "affirming that the 30-day post-judgment stay period of Rule 62(a) applies to the Court's remand order," (Mot. (DE 45) at 1), is dismissed in part for lack of subject matter jurisdiction and denied in alternative part on the merits.

## CONCLUSION

Based on the foregoing, Legislative Defendants' motion (DE 45) for an order confirming applicability of stay of judgment under Rule 62(a), is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.

SO ORDERED, this the 17th day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge